# PROVIDENCE COUNTY.

GROTON MANUFACTURING CO. *vs.* RHODE ISLAND DAIRY CO. *et als.*

Personal property on which a lien was claimed was attached, and sold under an order of the court. The claimant of the lien moved for an order directing the payment of his claim out of the proceeds in the hands of the officer. The lien was disputed.
*Held,* that motion for an order was not proper.

MOTION for an order of court.

The respondent company, a copartnership, was the tenant of the petitioning company, a corporation, under an indenture of lease that gave to the petitioner a lien on the machinery, stock of goods, &c., which the respondents might put on the leased premises, pledging and binding such machinery and stock for the payment of the rent.

This machinery and stock was attached by third parties creditors of the respondents, and sold by order of court under Gen. Stat. R. I. cap. 197, § 2, on the application of the attaching plaintiffs. The rent due to the petitioner being considerably in arrear, application was made in this motion for an order on the

sheriff directing him to pay such rent out of the proceeds of the sale in his hands, the petitioner claiming under Gen. Stat. R. I. cap. 197, §§ 3–6.

*April* 8, 1875. DURFEE, C. J.   We find no satisfactory warrant for the jurisdiction which we are asked to exercise in this petition.   The only thing in the statutes from which such a jurisdiction can be inferred is the provision that, where mortgaged chattels have been attached on mesne process and sold by order of court or justice, or have been sold on execution, the proceeds of the sale shall be first applied to pay the mortgage debt, with such reduction or allowance by way of interest or damages for anticipated payment as may be made by the court or justice directing the sale, or the court to which the execution is returnable.   Gen. Stat. R. I. cap. 197, § 6 ; cap. 212, § 6.   Evidently these provisions were designed for cases of uncontested mortgages.   In the case at bar the mortgage, if such it can be called, is contested, and we are asked to determine its validity.   If we can determine its validity in this summary manner, we can decide any question in regard to the validity of a chattel mortgage in the same manner, whenever the chattel has been sold upon mesne process or execution, and the proceeds of the sale are in the hands of the officer.   We think we ought not to hold that we have such a summary jurisdiction which can be so extensively applied, in the absence of clear words conferring it.                                    *Motion dismissed.*

*Arnold Green*, for petitioner.
*Nicholas Van Slyck*, for respondent.

After the refusal of this motion the petitioner filed a bill in equity against the sheriff, the attaching creditors, and the respondents, to enforce the lien claimed.   See *infra, Groton Manufacturing Co.* v. *Gardiner.*